UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

| | | |
|---|---|---|
| WESLEY SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| CAPITAL SAFETY, INC., 3M | ) | (Removed from the District Court |
| COMPANY, AMERICAN TOWERS | ) | of Travis County, Texas, Case No. |
| AMERICAN TOWER, INC. | ) | D-1-GN-16-003079) |
| AMERICAN TOWER MANAGEMENT, | ) | |
| LLC, AMERICAN TOWER, L.P., AND | ) | |
| MASTECH NORTH AMERICA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION

PLEASE TAKE NOTICE that **3M Company ("3M" or "Defendant")**, hereby removes the above matter from the District Court of Travis County, Texas, to this Honorable Court, under the provisions of Title 28, Sections 1441 and 1446(a), United States Code, and in support thereof represents unto this Court as follows:

### I.   INTRODUCTION

1.1   The above-captioned matter was commenced in the District Court of Travis County, Texas, by plaintiff filing his original Petition on the 15th day of July, 2016. *See* Plaintiff's Original Petition ("Petition"), which is attached hereto as Exhibit C-2. 3M was provided a copy of a summons and the Petition on or around July 22, 2016.[1] *See* the Service of Process Transmittal contained in Exhibit C-2. 3M files this Notice of Removal within thirty (30) days from and after the date of the service of process upon it in said action. *See* 28 U.S.C.

---

[1] As of the date of this filing, counsel for 3M has been unable to determine whether Capital Safety, which 3M acquired on August 3, 2015, has been served. Therefore, 3M files this Notice of Removal on behalf of 3M only.

1

§1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

## II. BASIS FOR REMOVAL

### A. Diversity of Citizenship

2.1   The Plaintiff Wesley Scott is a person of the full age of majority and a citizen of Texas. (Petition at ¶ 4).

2.2   All corporate defendants are foreign corporations with their principal places of business in a state other than Texas. All limited liability company and limited partnership defendants are foreign entities with no members that reside in the State of Texas.

2.3   Defendant DB Industries, LLC d/b/a Capital Safety USA (incorrectly designated as Capital Safety, Inc., hereinafter "Capital Safety"), was formed on December 28, 2012, and is legally registered under the laws of Minnesota. Its principal place of business is located at 3833 Sala Way, Red Wing, Minnesota 55066. As of the date of Plaintiff's Complaint, the sole member of DB Industries, LLC was Capital Safety North America Intermediate Holdings LLC, a Delaware limited liability company. The sole member of Capital Safety North America Intermediate Holdings LLC was Capital Safety North America Intermediate Holdings Inc., a Delaware corporation. Capital Safety North America Holdings Inc. has a registered office located at Corporate Trust Center, 1209 Orange Street in Wilmington, Delaware. Capital Safety North America Holdings Inc. operates as a holding company and has a business address of 3M Center, Building 224-5N-40, St. Paul, MN 55144. DB Industries, LLC became a wholly owned subsidiary of 3M Company on August 3, 2015.

2.4   3M Company is incorporated under the laws of the State of Delaware and its principal place of business is located at 3M Center, Saint Paul, Minnesota 55144. 3M's

acquisition of Capital Safety did not change the identity of the members of DB Industries, LLC or any related LLCs.

2.5     Upon information and belief, Defendants American Tower Corporation and American Tower Inc., are corporations organized under the laws of the State of Delaware with their principal places of business in Boston, Massachusetts.  (Petition ¶¶ 7 & 9).

2.6     Upon information and belief, American Tower LLC and American Tower Management, LLC are limited liability corporations registered under the laws of Delaware with principal places of business in Boston, Massachusetts. (Petition ¶¶ 8 & 10). The sole member of American Tower LLC and American Tower Management, LLC is American Tower Corporation, a Delaware Corporation.

2.7     American Tower, L.P. is limited partnership with a principal place of business in Boston, Massachusetts. (Petition ¶ 11). The sole members of American Tower, L.P. are ATC GP, Inc., a Delaware Corporation with a principal place of business in Boston, Massachusetts, and ATC LP, Inc., a Delaware Corporation with a principal place of business in Boston, Massachusetts.

2.8     MasTec North America, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business in Coral Gables, Florida, not Austin, Texas as alleged by Plaintiff in his Complaint. *See* Affidavit of Alberto de Cardenas, Esq., attached as Exhibit A; *see also* MasTec North America, Inc. 2016 Florida Corporation Annual Report, attached as Exhibit B; (Petition ¶ 12).

**B.     Amount in Controversy**

2.9     Plaintiff brings this action for injuries arising out of a February 12, 2016 fall. Plaintiff alleges on or about February 12, 2016, he was working as a tower hand on a tower

owned and operated by American Tower Corporation when he fell approximately 40' to 50' to the ground. (Petition, ¶ 13). As a result of the fall, Plaintiff alleges he sustained "physical and emotional injuries and damages including burns to back, legs, feet, and other body parts." (*Id.*, ¶ 14).

2.10  The court must first examine the complaint to determine whether it is facially apparent that the claims exceed the jurisdictional amount. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252 (5th Cir.1998); *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Where a plaintiff's complaint alleges a specific amount of damages, apparently in good faith, that sum controls as the amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). According to Plaintiff's Complaint, he "seeks monetary relief . . . over $1,000,000.00." (Petition, ¶ 27). Plaintiff also alleges he is "entitled to and seeks exemplary damages." (*Id.*, ¶ 30).

2.11  Defendant has carried its burden of proving the requisite jurisdictional amount based on the face of the Petition. Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. § 1332(a)(1).

**C.    Jurisdiction and Venue**

2.12  Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a), as set forth in Paragraphs 2.1-2.8 above, and amount in controversy, as set forth in Paragraphs 2.9-2.11. Venue is proper in this Court pursuant to 28 U.S.C. §1446(a) because this District and Division include the county in which the state action is pending.

**D.    Consent**

2.13  As of the time of this filing, Co-defendants American Tower Corporation, American Tower LLC, American Tower Inc., American Tower Management, LLC, American

Tower, L.P., and MasTec North America, Inc. have consented to the removal of this action to the U.S. District Court for the Western District of Texas, Austin Division. At this time it does not appear that Capital Safety has been served with the Summons and Petition. As the owner of Capital Safety, 3m consents to the removal on Capital Safety's behalf.

**E.     Attachments**

2.14   All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). All such documents are fully incorporated by reference as if fully set forth herein. The exhibits to this Notice are as follows:

 Exhibit A: Affidavit of Alberto De Cardenas, Esq.

 Exhibit B: MasTec North America, Inc.'s 2016 Florida Corporation Annual Report;

 Exhibit C: State Court Documents:

  C-1: Docket Sheet;

  C-2: Plaintiff's Original Petition with Service of Process Transmittal for Defendant 3M Company;

  C-3: American Tower Defendants' Motion to Transfer Venue;

  C-4: American Tower Defendants' Original Answer Subject to Motion to Transfer Venue;

  C-5: Civil Case Information Sheet;

 Exhibit D: List of Parties and Counsel; and

 Exhibit E: Civil Cover Sheet.

2.15   A copy of this Notice is also concurrently being filed with the state court and is being served upon the Plaintiff.

### III.  PRAYER

3.1  WHEREFORE, Defendant 3M Company respectfully submits, based on the allegations set forth in this Notice of Removal that this action is properly removed and request that this Court retain jurisdiction over this action.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

*/s/Christina A. Culver*
Christina A. Culver
State Bar No.  24078388
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: 713-403-8210
Fax: 713-403-8299
cculver@thompsoncoe.com

*Counsel for 3M COMPANY*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Notice of Removal of a Civil Action and attachments is being electronically filed with the Clerk of Court using the CM/ECF system. A copy of the filing is being forwarded via Email and U.S. Mail to the following on August 19th, 2016:

Jason A. Itkin
Cory D. Itkin
Noah M. Wexler
Ryan S. MacLeod
ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, Texas 77007
*Counsel for Plaintiff*

Joanna Lippman Salinas
R. John Prudhomme
FLETCHER, FARLEY, SHIPMAN & SALINAS, LLP
1717 W.6th Street, Suite 300
Austin, Texas 78703
*Counsel for Defendants American Towers LLC,*
*American Tower Management, LLC, and*
*American Tower, L.P.*

                                                */s/Christina A. Culver*_____
                                                Christina A. Culver